John W. Sullivan SBN 204648
10859 Kling Street
North Hollywood California 91602
(818)769-7236 Fax Number (818)301-2175

Attorney for Plaintiff Jose Lopez

FILED
10 DEC 28 PM 1:59
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jose Lopez, | ) CV10 9971 FMO |
| | ) Complaint For Damages |
| Plaintiffs | ) 1) Violation of Fair Debt Collection Practices |
| | ) Act 15 USC §1692e(2)(A) |
| v. | ) 2) Violation of Fair Debt Collection Practices |
| | ) Act 15 USC §1692e(10) |
| Midland Funding, LLC, Hunt and Henriques, | ) 3) Violation of the Fair Debt Collection |
| Legal Recovery Law Offices, Inc., Does 1-5 | ) Practices Act 15 USC §1692i(a)(2) |
| | ) |
| Defendants | ) |
| | ) |
| | ) |
| | ) |

Jurisdiction, Parties and Venue

1.  The court has subject matter jurisdiction under 28 U.S.C. § 1331 as this action arises under 15 U.S.C. § 1692 et seq.

2.  Plaintiff Jose Lopez ("Plaintiff" or "Lopez") is a resident of California and a citizen of the United States.

3.  Defendant Midland Funding, LLC ("Midland") is a Delaware corporation with a principal place of business in California.

4.  Defendant Hunt and Henriques is a partnership or an entity of an unknown kind located in San Jose, California.

5.  Defendant Legal Recovery Law Offices, Inc. ("Legal Recovery") is a California corporation with a principal place of business in California.

1

6. Plaintiff is a consumer as defined under 15 U.S.C. § 1692a(3).

7. Defendants allege that Plaintiff is liable for a debt in connection with a transaction primarily for personal, family or household purposes as defined under 15 U.S.C. § 1692a(5).

8. Defendants are debt collectors as defined under 15 U.S.C. § 1692a(6).

9. The true names and capacities of the Defendants named herein Does 1-5 are unknown to Plaintiffs who therefore sues such Defendants by fictitious names. Plaintiffs will amend the complaint to allege the true names and capacities of the Defendants named herein as Does when the same have been ascertained. Plaintiff is informed and believes that each of the Defendants named herein as Doe is responsible in some manner for the acts, errors and occurrences alleged herein, and is liable to Plaintiff for damages and other relief sought by the complaint.

10. Venue is proper as the acts Plaintiff complains of occurred and/or had their effect in this judicial district.

## Factual Backround

11. Plaintiff's full name is Jose Misael Lopez.

12. Plaintiff was born in El Salvador and moved to the United States in 1976.

13. Plaintiff took up residence in Los Angeles County.

14. Plaintiff has not reside outside Los Angeles County since moving to the United States.

15. In 1987, Plaintiff purchased a home in North Hollywood, California.

16. Plaintiff has lived in the home since that time.

17. In 2007, Plaintiff discovered what Plaintiff believed to be certain inaccurate statements on his credit reports.

18. The discovery on the report prompted Lopez to investigate.

19. Upon investigation, Plaintiff learned that there were many inaccurate entries including two entries on Plaintiff's credit reports that indicated that Plaintiff was in default on loans to certain credit card accounts that were subsequently acquired or managed by Midland.

20. There were also several other entries with different entities that Lopez believed were not obligations that Lopez incurred.

2

21. Plaintiff never entered into any agreement relating to the credit card accounts so identified and being currently owned or enforced by Midland.

22. Further investigation revealed that the credit reports contained addresses he never resided at including in Temecula and San Diego, California.

23. In addition, several social security card numbers appeared on the credit report.

24. Lopez has only used one social security card number since moving to the United States.

25. Also Lopez discovered that a Jose Manuel Lopez' name appeared on the report.

26. Jose Lopez has never went by the name Jose Manuel Lopez.

27. Based on Lopez' review he contacted Midland Funding and the other creditors that alleged obligations that Lopez believed he did not incur any obligations with.

28. Lopez sent communication to Midland and other creditors indicating that Lopez did not owe on the debt that Midland and the other creditors alleged was owed.

29. In response to Lopez' contact, one of the other creditors sent certain information on the debt including information that it made it clear that Lopez credit report was mixed up with a Jose Manuel Lopez including copies of Jose Manuel Lopez' resident alien identification card and work paystubs that included a social security number that did not belong to Plaintiff.

30. The creditor who sent the information did not take any further action and stopped attempting to collect from Lopez.

31. For a period following the initial contact from Lopez, Lopez did not receive any communication from Midland.

32. In December 2009, however, Defendant Hunt and Henriques contacted Lopez indicating that Hunt and Henriques represented Midland and that Lopez owed over $6,000 relating to the provision of credit that Midland had acquired.

33. In January 2010, Lopez was served with a lawsuit with Midland named as Plaintiff with Hunt and Henriques acting as counsel of record.

34. The lawsuit was filed in California State Superior Court Los Angeles County at Van Nuys.

35. In the lawsuit, in order to plead proper venue, Midland through Hunt and Henriques

alleged that Lopez resided in North Hollywood in Los Angeles County.

36. Rather than file an answer, Lopez attempted to explain to Hunt and Henriques again that Lopez did not owe this debt.

37. In response Hunt and Henriques sent Lopez a form for Lopez to complete for instances of identity fraud and advised Lopez to file a police report.

38. Lopez filed a police report returned the form signed to Hunt and Henriques and heard nothing else for some time.

39. Lopez assumed that Midland had stopped attempting to collect on the debt and that Midland had dismissed the action in Los Angeles County.

40. In September 2010, Defendant learned that the court in Los Angeles County had entered a judgment in favor of Midland against Lopez in the approximate amount of $7,000.

41. Also in September 2010, Midland filed an a second action in California State Superior Court, County of Riverside against Lopez with Defendant Legal Action acting as counsel of record.

42. In October 2010, Hunt and Henriques placed a lien on Lopez' house in the judgment amount obtained in the first lawsuit.

43. In the second action in order to plead proper venue, Midland through Legal Recovery alleged that Lopez resided in Temecula in Riverside County.

44. The suit alleged that Lopez owed Midland Funding approximately $3,000 for default in the periodic payment on credit provide by Midland.

45. Lopez was served with the second lawsuit at his home in North Hollywood.

46. Lopez engaged legal counsel to set aside the judgment in Los Angeles County based upon Lopez' mistaken belief that Lopez did not have to respond to Midland's first action and to transfer the action filed in Riverside County to Los Angeles County based on improper venue.

47. Lopez' work in those actions is not complete although by the time a responsive pleading is due in this action the state courts may have issue issued rulings relevant to this action.

48. If Lopez is successful in obtaining relief from default in the action currently pending in

Los Angeles County, Lopez will have to establish that he does not owe the debt potentially including going to trial over a relatively small amount.

49. If Lopez is successful is getting the action currently pending in Riverside County transferred, Lopez will still have to defend the action in Los Angeles County.

<u>First Count Violation of Fair Debt Collection Practices Act 15 USC § 1692e(2)(A) Against all Defendants</u>

50. Plaintiff incorporates by reference the preceding paragraphs herein.

51. The Fair Debt Collection Practices Act prohibits debt collectors from making false and misleading representations regarding the character or amount of any debt.

52. Defendants Midland, Hunt and Henriques and Legal Recovery have represented and alleged that Lopez is liable for debts owed to Midland.

53. Defendants Midland, Hunt and Henriques and Legal Recovery representations were and are false and/or misleading in relation to the character and amount of debt that Midland alleged Plaintiff owes.

54. Plaintiffs have been damaged thereby.

<u>Second Count Violation of Fair Debt Collection Practices Act 15 USC §1692e(10) Against all Defendants</u>

55. Plaintiff incorporates by reference the proceeding paragraphs herein.

56. The Fair Debt Collection Practices Act prohibits debtor collectors from using any false representation or deceptive means to collect or to attempt to collect any debt.

57. Defendants Midland, Hunt and Henriques and Legal Recovery have made representations that Lopez owes certain amounts of money to Midland.

58. Defendants Midland, Hunt and Henriques and Legal Recovery representations relating to the attempt to collect the debt against Lopez are false.

59. Defendants Midland, Hunt and Heriques and Legal Recovery false representations were deceptive means to collect a debt against Plaintiffs.

60. Plaintiffs have been damaged thereby.

### Third Count Violation of Fair Debt Collection Practices Act 15 USC §1692i(a)(2) Against Defendants Midland and Legal Recovery

61. Plaintiff incorporates by reference the proceeding paragraphs herein.

62. The Fair Debt Collection Practices Act prohibits debtor collectors from filing suit against any debtor except in the county where the debtor resides or where the debtor signed the agreement creating the debt.

63. Defendants Legal Recovery and/or Midland commenced suit against Lopez in Riverside County.

64. Debtor resides in Los Angeles County and did not sign any agreement with respect to this alleged debt.

65. Plaintiff has been damaged thereby.

Wherefore, Plaintiff prays for the following:

1. Judgment in favor of Plaintiff;
2. Actual damages that Plaintiff may demonstrate;
3. Statutory damages no less than $1,000.00 per Defendant or as otherwise available;
4. Trial by jury;
5. Reasonable attorneys' fees as allowed by statute;
6. Prejudgment interest at the state law rate of 10%;
7. Costs;
8. All other relief the court deems appropriate.

Respectfully Submitted,

_____

John Sullivan, Esq.
Counsel for Plaintiff Jose Lopez

Name & Address:
John Sullivan SBN 204648
10859 Kling Street
North Hollywood, California 91602
818-769-7236

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Jose Lopez | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV10 9971 FMO |
| v. | |
| Midland Funding, LLC, Hunt & Henriques, Legal Recovery Law Offices, Inc., Does 1-5 | SUMMONS |
| DEFENDANT(S). | |

TO: DEFENDANT(S): Midland Funding, LLC, Hunt & Henriques, Legal Recovery Law Offices, Inc.

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _John Sullivan_____, whose address is _10859 Kling Street, North Hollywood, Cal 91602 818-769-7236_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: DEC 2 8 2010

By: **CHRISTOPHER POWERS**
Deputy Clerk

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

CV-01A (12/07)                                      SUMMONS

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>Jose Lopez | **DEFENDANTS**<br>Midland Funding, LLC, Hunt and Henriques, Legal Recovery Law Offices, Inc. |
| **(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>John Sullivan, 10859 Kling Street, North Hollywood, Cal 91602 818-769-7236 | **Attorneys** (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No       ☐ **MONEY DEMANDED IN COMPLAINT:** $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C Section 1692 et seq., Debtor collectors falsely accused Plaintiff of owning debt

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☑ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV10 9971

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)       CIVIL COVER SHEET       Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　　 ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　　 ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　　 ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
　　☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
　　☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Midland Funding, LLC, San Diego County, Hunt & Henriques, Santa Clara, Legal Recovery Law Offices, Inc., San Diego County |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
　　**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
<u>Note</u>: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 12-21-10

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |